UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FOAM SUPPLIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4 05CV01772CDP |
| THE DOW CHEMICAL COMPANY, | ) ) ) | |
| Defendant. | ) ) ) ) ) | |

## EXHIBIT C

## TO MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

October 12, 2004 Invoice

Glenn Davis
Michael H. Kauffman (#106290)
ARMSTRONG TEASDALE LLP
One Metropolitan Square, Suite 2600
St. Louis, MO 63102-2740
Telephone: (314) 621-5070
Facsimile: (314) 621-5065

DATED: November 30, 2005



# THE DOW CHEMICAL COMPANY

Page 1 of 1

**INVOICE** 12767049
**Date** 12OCT2004

Please reference 12767049 on all Payments and Correspondence

**Customer Order Number**
7364

**Ordering Party:**
FOAM SUPPLIES INC
C/O NPI
4387 RIDER TRL N
EARTH CITY MO 63045-0000

**Ship to**
FOAM SUPPLIES INC
C/O NPI
4387 RIDER TRL N
EARTH CITY MO 63045-0000

If you have any questions regarding this document, please call 989-832-1174 and ask for LACOSTA PUMFORD or send email to LAPUMFORD@DOW.COM

Account No. 01 / 00247868

**Mail / Invoice to:**
FOAM SUPPLIES INC
ATTN: Accounts Payable
C/O NPI
4387 RIDER TRL N
EARTH CITY MO 63045

**Delivery Terms:**
PREPAID
EARTH CITY

**Payment Terms/Due date**
40 DAYS AFTER DATE OF INVOICE LESS 2% OR
41 DAYS AFTER DATE OF INVOICE.
Net due to be received by

**Remit Payment To:**
THE DOW CHEMICAL COMPANY
7719 COLLECTION CENTER DR
CHICAGO IL 60693

**Currency**
US DOLLARS

| Item | Quantity and description | Quantity | Unit Price | Amount |
|---|---|---|---|---|
| 01 | 45,100.000 POUNDS | 45,100.000 LB | 0.9600 USD / 1 LB | 43,296.00 |
| | PAPI* 27 Polymeric MDI BULK | | | |
| | BENZENE SURCHARGE | | 12.20 /100 LB | 5,502.20 |
| | Delivery note/date: | 01-68997538 / 07OCT2004 | | |
| | Shipment No./Date: | 01-05919494 / 12OCT2004 | | |
| | VEHICLE NO.: | 5895 | | |
| | Transportation Term: | Seller Absorbs Freight | | |
| | Freight | | | 0.00 |

**Total :** 48,798.20

*Trademark of THE DOW CHEMICAL COMPANY

I. TERMS AND CONDITIONS

The following terms and conditions apply to the sale described by this invoice except to the extent superseded by an applicable written contract executed by Dow and Customer.

A. DOW'S COMMITMENTS TO CUSTOMER -

1. The products when shipped will meet Dow's Sales Specifications.
2. The products when shipped will be fit for the ordinary uses identified in Dow's current product literature.
3. Dow will convey good title to the products, free from any lawful security interest, lien or encumbrance.

B. CUSTOMER'S COMMITMENTS TO DOW -

Customer acknowledges that it is responsible for the safe selection, unloading, handling, storage, use and disposal of products.

1. Customer warrants that it will:

   a. familiarize itself with product information supplied by Dow at any time, including the MSDS for each product;
   b. follow safe handing, use, selling, storage, transportation and disposal practices and ensure that all employees, contractors, agents and customers follow these practices, including such special practices as Customer's use of the products requires;
   c. take appropriate action to avoid spills or other dangers to persons, property or the environment;
   d. indemnify Dow against any claim, loss, liability and expense (including reasonable attorney fees) on account of any damage to property or injury or death of persons (including Customer's employees) arising out of Customer's unloading, handling, storage, use, sale, or disposal of the products or the failure of Customer to comply with any of the obligations set forth in Section I.B;
   e. in any action against Dow for personal injury or death of Customer's employees, expressly waive, as to Dow, the exclusive defense under any Workers Compensation Act if Customer failed to comply with any of the obligations set forth in Section I.B; and
   f. comply with all federal, state, and local laws, rules and regulations concerning the transportation, storage, use, sale and disposal of products.

2. Customer warrants that it has used its own independent skill and expertise in connection with the selection and use of the products and that it possesses skill and expertise in the handling, storage, transportation, treatment, use and disposal of the products.

3. If Customer requests the use of any design, trademark, tradename or copyright, or if Dow makes special products for Customer, Customer agrees to indemnify Dow against any claim, loss, liability and expense (including reasonable attorney fees) on account of the infringement or alleged infringement of any design, trademark, tradename, copyright or patent.

4. Customer will pay for the products on the terms described on the front of this invoice. Dow, or its assignee, may charge the maximum interest allowed by law on all overdue amounts. If payments are not made on time, or if Dow has reason to believe that Customer's financial responsibility is unsatisfactory, Dow may defer shipments, accelerate due dates on all amounts owed, and/or require cash or other security. Customer agrees to pay all of Dow's collection costs (including reasonable attorney fees). Taxes may not be included in the prices quoted. Customer will pay all taxes and duties, except income taxes, that are increased or levied, now or in the future, in connection with the manufacture, sale, transportation or disposal of the product. If the transaction is subject to any such tax or duty, such taxes, duties or any costs in connection therewith, whether imposed before or after payment of the invoice, will be paid by Customer.

C. TITLE AND RISK OF LOSS - Title and risk of loss for all products sold by this invoice will pass to Customer upon delivery to the carrier at Dow's manufacturing facility.

D. TRANSPORTATION -

1. If Dow provides the transportation equipment or pays any of the freight charges, Dow will have the right to designate carriers and routings. When Customer is required to pay any of the freight charges, the charges will be those legally due and payable for the shipment.
2. Customer will unload and return all transportation equipment to carrier within the tariff or contract period free of charges. Customer will unload and tender Dow's railroad cars to the railroad in accordance with Dow's routing instructions. Dow may collect its standard charge for its equipment if held beyond Dow's allowable time.
3. If Dow's transportation equipment arrives at its destination in a damaged condition, Customer will immediately notify the carrier's agent and Dow. Customer is responsible for Dow's transportation equipment which is in its possession, and Customer will be liable to Dow for any damage or destruction thereto.

E. EXCLUSION OF ALL OTHER WARRANTIES AND LIMITATION OF LIABILITY

1. The commitments in Section I.A are Dow's sole warranties with respect to the products, and are made expressly in lieu of and exclude any implied warranties of merchantability and fitness for a particular purpose and all other express or implied representations and warranties provided by statute or common law.

2. Dow will not be liable to pay special, consequential, punitive, exemplary or incidental damages. Customer's exclusive remedy for claims (including but not limited to breach of warranty, negligence, and strict liability) is limited to Customer having the option of replacement or repayment of the purchase price paid for the products which are the subject of the claim.

F. NOTICE OF CLAIMS - All claims by Customer will be deemed waived unless made in writing to Dow within 60 days of when Customer learns or reasonably should have learned about the claim.

G. SEVERABILITY - If any provision of this invoice is held invalid, such invalidity will not affect other provisions or applications of this invoice.

H. ENTIRE AGREEMENT - This document constitutes the complete and exclusive agreement between Dow and Customer concerning the products sold by the invoice unless the parties have executed an applicable written contract. Any additional or different terms are objected to and will not be binding unless expressly agreed to by Dow in writing.

I. CHOICE OF LAW - This invoice will be governed by Michigan law without regard to the rules governing conflict of laws.

J. ASSIGNMENT - At Dow's option, any obligation under this invoice may be performed by Dow or any of its affiliates. Any deliveries made under this condition may be invoiced by such affiliate and will constitute performance of this invoice by Dow. Nothing hereunder is transferable or assignable by Customer without Dow's prior written consent.

II. SPECIAL CONDITIONS FOR CROSS BORDER SALES

The following special conditions will apply for cross-border sales:

CONDITIONS

A. BREAKAGE OR LOSS IN TRANSIT - In case of breakage or loss in transit have notation of same made on expense bill before paying freight. All claims must be made within 5 days after receipt of products at port of entry.

B. RETURNABLE CONTAINERS - Each container for which a deposit is charged remains the property of Dow and must not be used for the shipment or storage of any other material. All such containers must be emptied and returned within 120 days from the date of invoice, transportation charges prepaid to the United States of America port of entry. If so returned in good condition the deposit charge will be refunded.

C. TITLE AND RISK OF LOSS - The legal title to the products specified in this invoice will pass to the Customer at the point at which risk of loss passes under current Incoterms, regardless of any contrary interpretation or any trade term which governs the transfer of risk of loss, provided however, that in the case of sales by Dow International B.V. to any affiliate of The Dow Chemical Company, and sales by Dow Chemical Inter-American Limited, Dow Chemical International Ltd., and Dow Chemical International Inc. (Panama), title and risk of loss will at all times pass to the Customer at the port of entry, regardless of any provision under Incoterms to the contrary. In the case of overland deliveries to Canada and Mexico, anything contained in Incoterms to the contrary notwithstanding, when the term Delivered at Frontier ("DAF") is used, title and risk of loss to the products will be deemed to pass to the Customer outside the United States upon the products crossing the border of the United States and arriving in the territory of the nation where the products are destined, but prior to customers clearance at said nation.

D. THE UNITED NATIONS CONVENTION ON THE INTERNATIONAL SALE OF GOODS will not apply.