# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| FOAM SUPPLIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV01772 CDP |
| | ) | |
| THE DOW CHEMICAL COMPANY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

The Plaintiff, Foam Supplies, Inc. ("FSI"), moves for a protective order pursuant to Fed. R.Civ.P. 26(c) to protect FSI from undue burden and expense resulting from Dow's asserted "entitlement" to multiple depositions of FSI's expert witnesses. In support of this motion, FSI states as follows:

1.     FSI has disclosed two experts, John Stann (a consultant with expertise in the chemical industry) and John Meisel, an economics professor at Southern Illinois University. Stann has disclosed opinions related to both antitrust issues and non-antitrust issues. Meisel has opinions on antitrust issues only.

2.     In response to Dow's request, FSI agreed to produce Stann for deposition on November 19, 2007, at the office of Dow's counsel in St. Louis, Missouri. FSI further agreed to accept service of a subpoena on behalf of Stann.

3.     In anticipation of the upcoming deposition, FSI advised Dow that Stann would be presented to testify as to all of the opinions contained in his Rule 26 report, both antitrust issues and non-antitrust issues. (Exhibit A, Letter from John Gazzoli dated November 14, 2007). In response, Dow advised FSI that it would only examine Stann on non-antitrust issues, and that Dow was

"entitled" to depose Stann again on his antitrust opinions if the Court ultimately denies Dow's pending motion for partial summary judgment and lifts the stay on antitrust discovery. (<u>Exhibit B</u>, Letter from Bernard Taylor dated November 15, 2007).

4. Dow's position is unacceptable to FSI because it requires FSI to present Stann for deposition on more than one occasion. The stated purpose of Dow's motion to stay antitrust discovery was to avoid unnecessary expense and promote the efficient progression of this case. Dow is now using the stay for a contrary, improper purpose, and specifically, to take multiple depositions of FSI's retained expert.

5. FSI does not believe the Court's intention in granting the stay of antitrust discovery was to allow Dow to require FSI to present its experts for more than one deposition. At the time the Court entered the stay, there was no discussion of the possibility that FSI's experts might offer opinions on both antitrust and non-antitrust issues.

6. In addition, Dow's present position is inconsistent with its previous interpretation of what the stay (which Dow requested and obtained) requires. With the deadline for the disclosure of expert opinions fast approaching, FSI sought an agreement from Dow that the stay of antitrust discovery did not require FSI to disclose its antitrust experts and/or their opinions. Dow disagreed, and insisted that the stay did not excuse FSI from disclosing antitrust experts or their opinions. Accordingly, FSI proceeded with disclosing both antitrust and non-antitrust experts. Dow now claims that although FSI disclosed its antitrust experts and their opinions, Dow is not required to take their depositions on antitrust issues by the deadline of November 16, and moreover, Dow is "entitled" to multiple depositions of both Stann and Meisel, first on non-antitrust issues, and later on antitrust issues. <u>See</u> <u>Exhibit B</u>.

7. On November 16, 2007, after receiving Dow's letter of November 15 insisting on its right to take multiple depositions of Stann and Meisel, FSI advised Dow it would not produce Stann for the scheduled November 19 deposition until after FSI had the opportunity to present the concerns expressed in this motion to the Court for a ruling.  (Exhibit C, Letter from Brett Gorman dated November 16, 2007).

8. Counsel for FSI (John Gazzoli and Brett Gorman) and attorneys for Dow (Bernard Taylor and Glenn Davis) spoke by telephone on the afternoon of November 16, and discussed FSI's intention to file this motion, and further discussed a possible agreed modification of the case management order to address the complications described above.  Counsel for FSI is presently awaiting receipt of a proposal from Dow in this regard.  In the meantime, Dow forwarded a letter to FSI confirming agreement (which FSI does not contest) that FSI has accepted service of a lawful subpoena upon Stann.  (Exhibit D, Letter from Bernard Taylor dated November 16, 2007).  FSI does not intend to honor the subpoena and present Stann for deposition until the Court has had an opportunity to consider and rule on this motion.

9. The undersigned certifies pursuant to Fed.R.Civ.P. 26(c) that FSI, by its counsel, has conferred with counsel for Dow in good faith in an effort to resolve this dispute without Court action.

Wherefore, FSI requests that the Court enter a proposed protective order to limit Dow to one deposition of FSI's retained experts, and grant such further relief that will effect such protection, including extending the deadline under the present case management order for FSI to present its experts for deposition.

Respectfully submitted,

By   /s/ Theresa A. Phelps
John J. Gazzoli, Jr.
Brett K. Gorman
Theresa A. Phelps
Schmiedeskamp, Robertson, Neu & Mitchell
7700 Bonhomme, Suite 510
St. Louis, MO 63105
Telephone: (314) 725-0030
Facsimile: (314) 725-5503

Attorneys for the Plaintiff, Foam Supplies, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing was filed on November 16, 2007, via the Court's ECF filing system, which shall send notice to all counsel of record, as follows:

Bernard Taylor
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

Glenn E. Davis
Craig G. Moore
Armstrong Teasdale L.L.P.
One Metropolitan Square, Ste. 2600
St. Louis, MO 63102

Attorneys for The Dow Chemical Company

                                          /s/ Theresa A. Phelps
                                    Attorney for Foam Supplies, Inc.