UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FOAM SUPPLIES, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1772 CDP |
| | ) | |
| THE DOW CHEMICAL COMPANY | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Dow has moved to compel documents considered by plaintiff Foam Supplies, Inc.'s expert, John A. Stann. FSI has withheld two of the documents because the documents were prepared by FSI's counsel, and it has withheld the other documents because it contends that those documents relate only to the antitrust claims that have been dismissed. Because Fed. R. Civ. P. 26(a)(2) mandates the disclosure of all of these documents, I will grant Dow's motion to compel.

## **Discussion**

Following the 1993 amendment, Rule 26(a)(2) states that a party's expert disclosure must be accompanied by a report summarizing the expert's opinions and containing "the data or other information considered by the witness in forming

them."  While there is no question that Stann considered the documents in question, FSI argues that I should not order the production of the attorney opinion work product documents because Dow has not shown a compelling need for the documents, and FSI argues that I should not order the production of the "antitrust" documents, because that they are irrelevant.[1]  I will order FSI to produce the documents because Rule 26 "creates a bright-line rule requiring disclosure of all information provided to testifying experts."  <u>Regional Airport Authority v. LFG, LLC</u>, 460 F.3d 697, 714 (6th Cir. 2006); <u>see also</u> <u>Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.</u>, 412 F.3d 745, 751 (7th Cir. 2005); <u>In re Pioneer Hi-Bred Intern., Inc.</u>, 238 F.3d 1370, 1375 (Fed. Cir. 2001) (interpreting Eighth Circuit law).

The Eighth Circuit has not addressed this issue.  Although some district courts have held that opinion work product is immune from discovery even if shared with expert witnesses, the majority view, and the rule followed by those Courts of Appeals that have reached this question, is that all materials provided to an expert must be disclosed.  <u>See</u> <u>Regional Airport</u>, 460 F.3d at 714.  Rule 26(a)(2) does not limit the disclosure to documents that are relevant or non-privileged.  As

---

[1] FSI also argues that the disclosure of the work product documents was inadvertent. Regardless, Stann has testified that he considered the documents.

a result, I will grant Dow's motion to compel in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dow Chemical Company's motion to compel [#134] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2008.